IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES WILLIAM S. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-450-WKW-CSC |
| | ) | |
| CHILTON COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff James William S. Jones filed this pro se 42 U.S.C. § 1983 action on or around April 17, 2022. *See* Doc. 2. Plaintiff did not pay the filing and administrative fees, nor did he file an application for leave to proceed in forma pauperis. Thus, on August 2, 2022, the Court issued an Order notifying Plaintiff that this case cannot proceed absent one of those actions and directing Plaintiff to either pay the fees or move to proceed in forma pauperis on or before August 16, 2022. *See* Doc. 3. The Court specifically cautioned Plaintiff that failure to comply with that Order would result in a recommendation that this case be dismissed. To date, Plaintiff has neither complied with nor otherwise responded to the Court's August 2 Order. Indeed, on August 15, 2022, the United States Postal Service returned the Order as undeliverable and with the following notation: "Return to sender, out of jail, refused, unable to forward."

Because Plaintiff has failed to pay the requisite fees or move to proceed in forma pauperis, and because Plaintiff has not provided the Court with an address at which he can be reached, the undersigned concludes this case should be dismissed without prejudice. *See*

*Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co*., 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31. In this instance, where the Court has attempted to contact Plaintiff and his whereabouts are unknown, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that on or before **September 2, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo

determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 19th day of August, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE